IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-387 (2) |
| | § | C.A. No. C-08-327 |
| DELFINO RAMOS, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED CERTIFICATE OF APPEALABILITY

By Memorandum Opinion and Order entered August 10, 2009, the Court denied Delfino Ramos' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (See D.E. 68.)[1] Final judgment was entered the same date. (D.E. 69.)

Although Ramos has not yet filed a notice of appeal, this Court addresses herein whether he is entitled to a Certificate of Appealability ("COA") as to any of his claims. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[2]

---

[1] Docket entry references are to the criminal case, C-03-cr-387.

[2] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

Based on the above standards, the Court concludes that Ramos is entitled to a COA as to his ineffective assistance of counsel claim based on the Supreme Court's decision in United States v. Santos, 533 U.S. ___, 128 S. Ct. 2020 (2008). As set forth in the Court's order denying Ramos' § 2255 motion, Ramos' motion listed three grounds for relief. His first and third grounds, which challenged his guilty plea and alleged ineffective assistance of counsel on several grounds related to his plea, were properly denied, and the Court finds

---

§ 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

that he has not met the standards for obtaining a Certificate of Appealability as to those claims.

As to his second ground for relief, however, the Court concludes that a portion of it "deserve[s] encouragement to proceed." See Jones, 287 F.3d at 329. Specifically, his second ground for relief was that his conviction was "entered in error" in light of the Supreme Court's decisions in United States v. Santos, 533 U.S. __, 128 S. Ct. 2020 (2008) and Cuellar v. United States, 533 U.S. __, 128 S. Ct. 1994 (2008). Ramos argued that, under the holdings in these cases, he is not actually guilty of the offense of money laundering and that it was therefore erroneous of counsel to advise him to enter a guilty plea.

As noted by the Court, Ramos' waiver of appeal and waiver of § 2255 rights does not bar this claim, since it relates to the voluntariness and validity of his plea. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

In its prior Order, the Court easily found that Cuellar is of no benefit to Ramos, because his case is factually distinguishable. (D.E. 68 at 17-19.) The Court, however, engaged in a lengthy analysis concerning whether the Santos decision is of any benefit at all to Ramos. (See D.E. 68 at 16-17 & n.3) (discussing whether Santos is retroactively applicable); id. at 19-23 (discussing Santos and whether it applies outside the context of a stand-alone illegal gambling operation).) Although the Court ultimately denied his claim and found Santos inapplicable to Ramos' case, there has been little guidance from the Fifth

3

Circuit as to the proper scope and application of the Santos decision. Based on this, the Court concludes that reasonable jurists could find this Court's assessment of Ramos' claim "debatable."

Accordingly, as to Ramos' ineffective assistance of counsel claim based on Santos, the Court GRANTS a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, Ramos is granted a limited Certificate of Appealability as set forth above. If Ramos wishes to appeal from this Court's denial of his § 2255 motion, he shall file his Notice of Appeal not later than October 9, 2009.

It is so ORDERED this 22 day of August, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE