IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CR. No. C-03-387(2) |
| | § | (C.A. No. C-08-327) |
| DELFINO RAMOS | § | |

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Pending before the Court is Defendant Delfino Ramos' motion for appointment of counsel for the purpose of filing a motion pursuant to 28 U.S.C. § 2255. D.E. 87. The motion is denied.

Ramos filed a § 2255 motion in October 2008, which was denied by this Court in 2009. The Court granted Ramos a limited COA and he appealed to the Fifth Circuit Court of Appeals which affirmed the denial of his § 2255 motion on July 22, 2011. D.E. 89. Ramos contends that the claims raised in his original § 2255 were raised inartfully and procedurally incorrectly. He seeks appointment of counsel to file a second motion and attack his conviction on similar grounds. Essentially, Ramos seeks appointment of counsel to file a second or successive motion.

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." See Leal Garcia v. Quarterman, 573 F.3d 214, 221-22 (5th Cir. 2009).

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

the district court to consider the application."). Until Ramos seeks and obtains permission to file a second or successive petition, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion.

As to Ramos' motion to appoint counsel, the right to appointed counsel extends through a criminal defendant's direct appeal and no further. Pennsylvania v. Finley, 481 U.S. 551, 554 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Perrentgentil, 20 F.3d 1169 (5th Cir. 1994) (designated unpublished) (no right to appointed counsel to appeal from district court's denial of § 2255 motion); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993) (no constitutional right to appointed counsel for § 2255 motions). Because Ramos has no constitutional or statutory right to counsel for post-conviction motions, much less a second post-conviction motion, this Court DENIES his request for appointed counsel (D.E. 87).

ORDERED this __15__ day of __Aug__ 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE